UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN P. WALZER,
    Petitioner

vs.                  CASE NO: 3:02cv2186 (AVC)

STATE OF CONNECTICUT, ET AL.,
    Respondents

## MOTION TO RE-ACTIVATE HABEAS

On June 4, 2003, the Honorable Judge Alfred V. Covello dismissed the Petitioner's amended petition for a writ of habeas corpus without prejudice. The reason(s) given were that the Petitioner must exaust all state remedies first. The Petitioner has now done that.

Following Judge Caovello's directions, the Petitioner once again filed a Motion to Modify his sentence pursuant to Connecticut General Statutes §53a-39(b) with the Prosecutor assigned to his case, Robert M. Brennan, Esq., Senior assistant State's Attorney for the J.D. of Fairfield. He was, at the time of the Petitioner's trial, assigned to the Statewide Prosecution Bureau of the Chief State's Attorney's Office.

As expected, due to the animosity of Mr. Brennan towards the Petitioner, his letter of denial was sent (dated) September 15, 2003. [Copy attached as Exhibit 'A'].

Following that denial, the Petitioner filed a "Motion for Supervisory Order" dated September 22, 2003. [A courtesy copy of that Motion was mailed to Judge Covello]. In that Motion, the Petitioner asked the Court for a Supervisory Order against the State's Attorney's Office for denying him the right to a hearing before the sentencing Judges. He cited Judge Covello's ruling regarding the necessity of exhausting the State's remedies. On October 8th, the Honorable Judge Roland Fasano, of the Superior Court, State of Connecticut DENIED that Motion. [Copy of the Supervisory Motion and Judge Fasano's denial attached as Exhibit 'B'].

On October 8, 2003, the Petitioner filed an Application for Waiver of fees, costs and expenses and appointment of counsel on appeal. It was stamped received by the court on October 28, 2003. Once again, the Petitioner outlined his reasons for wanting to appeal Judge Fasano's denial pursuant to a hearing on his Motion for Modification.

On November 5, 2003, Judge Fasano found the applicant (Petitioner) indigent, but denied the waiver of fees and appointment of counsel making it impossible for the Petitioner to proceed further. [Copy of the Waiver of Fees and Judge Fasano's denial attached as Exhibit 'C']. Thus the Petitioner has exhausted all of his State remedies.

It is interesting to note that Judge Fasano found the Petitioner "indigent" and then denied his application for waiver of fees and costs so that he could proceed to the Appellate Court. It would appear that Judge Fasano would prefer the U.S. District Court deal with the issues.

THEREFORE, the Petitioner, JOHN P. WALZER asks this court to re-activate his amended petition for a writ of habeas corpus since all of Judge Covello's directions have been complied with.

                                         Respectfully,
                                         THE PETITIONER

                                     _____
                                     +John P. Walzer, Pro-se
                                     Carl Robinson C.I.
                                     P.O. Box 1400
                                     Enfield, CT 06083

The Petitioner states under the penalty of perjury that all of the facts contained herein are true and correct to the best of his knowledge and belief.

Dated at Enfield, CT., this 17th day of November, 2003.

                                     _____
                                     +John P. Walzer, Pro-se



# State of Connecticut
## DIVISION OF CRIMINAL JUSTICE

OFFICE OF
**THE STATE'S ATTORNEY**
JUDICIAL DISTRICT OF FAIRFIELD

JONATHAN C. BENEDICT
STATE'S ATTORNEY

1061 MAIN STREET
BRIDGEPORT, CONNECTICUT 06604
TELEPHONE (203) 579-6506
FAX (203) 382-8401

September 15, 2003

John Walzer # 049846
Carl Robinson Correction Institution
P.O. BOX 1400
Enfield, Connecticut 06083

**Ref: CR97-93298 and CR93-139610**

Dear Mr. Walzer:

In reference to your letter requesting permission for a motion for sentence modification.

I must deny your request at this time because of the extreme serious nature of your criminal conduct.

Very truly yours,

*[signature]*

Robert M. Brennan
Senior Assistant State's Attorney
Judicial District of Fairfield

EXHIBIT
' A '

RMB/mjm

```
STATE OF CONNECTICUT          :  DOCKET NO'S:  CR 7-93298
                                               CR 93-139610
                              :
         vs.                  :  SUPERIOR COURT, J.D. NEW HAVEN
                              :  AND J.D. HARTFORD
JOHN P. WALZER                :  SEPTEMBER 22, 2003
```

## MOTION FOR SUPERVISORY ORDER

The Defendant, JOHN P. WALZER, on September 4, 2003, filed a Motion to Modify his sentence with the Clerk's office in J.D. New Haven and certified copies to Sr. Asst. State's Attorney Robert M. Brennen at J.D. Fairfield and S. Sedensky, Supv. Asst. State's Attorney at the Office of Statewide Prosecution Bureau and the required Victim Services Agencies.

This is the second such modification request, the first having been a year before.

On September 15, 2003, as expected, a letter was received from Sr. Asst. State's Attorney Brennan denying the Defendant's request. [COPY ATTACHED - EXHIBIT 'A']

The Defendant respectfully moves this court for a Supervisory Order against the State's Attorney's office at J.D. Fairfield for denying him the right to a hearing before the sentencing Judges. [Linda Lager (J) & Carmen Elisa Espinosa (J)].

The Defendant claims that the State's Attorney has denied him his Constitutional rights under Article I of the Connecticut State Constitution and the Fourteenth Amendment of the United States

ORAL ARGUMENT NOT REQUESTED

TESTIMONY NOT REQUIRED                                EXHIBIT

                                                      ' 5 '

Constitution by denying the Defendant the right to a hearing on the merits of his Motion before the two sentencing Judges. The Connecticut General Statutes §53a-39(b) is discriminatory in that anyone with a sentence of more than three (3) years is stopped at the will of the State's Attorney. Should the State's Attorney have any animosity (as in the Defendant's case) the Defendant is eliminated from any chance of the court reviewing his motion.

In an attempt to seek federal review of this matter, a ruling and order by the Honorable Judge Alfred V. Covello, United States District Judge, [COPY ATTACHED - EXHIBIT 'B'], states at page four (4) and five (5) that the Defendant must exhaust his state remedies; first, via the State Superior Court(s) and then the State Appellate Court.

Further, the State's Attorney does not give up his right to "oppose" a modification at the time of a hearing before the Judge(s).

In the instant case, the Defendant asked that his sentence be modified to twenty (20) years, execution suspended after thirteen (13) years which was the original offer made by the State. That offer was <u>never</u> communicated to the Defendant by his former trial counsel, Richard P. Silverstein. [NOTE: Richard P. Silverstein was convicted on drug charges and subsequently arrested a second time, those charges still pending].

The Defendant was first told by Silverstein that the State made <u>no</u> offer just prior to trial. Then, years later, answering a set of interrogatories, Silverstein said the State had offered

- 2 -

twenty (20) years and subsequent to those interrogatories, under oath, in Superior Court, J.D. New Haven, stated that thirteen (13) years had been the State's offer. Now, eight and one-half (8½) years later, the State's Attorney, Mr. Brennan say that he must deny my modification request due to "the serious nature of the Defendant's criminal conduct", which surely shows the personal animosity by Mr. Brennan towards the Defendant.

Thus, the Defendant asks this court for a Supervisory Order against the State's Attorney's office and to order the Defendant's Motion to Modify (Application) to be heard by the appropriate judge(s).

Respectfully,
THE DEFENDANT

*/s/ John P. Walzer*
JOHN P. WALZER, Pro-se
Carl Robinson C.I.
D.O.C. # 049846
P.O. Box 1400
Enfield, CT 06083

## C E R T I F I C A T I O N

This is to certify that a copy of the foregoing Motion was mailed this date to the Office of the State's Attorney, postage prepaid, c/o Superior Court, J.D. at Fairfield, 1061 Main Street, Bridgeport, CT 06604.

September 22, 2003

*/s/ John P. Walzer*
JOHN P. WALZER, Pro-se

COURTESY COPIES TO:

- The Honorable Judge Alfred V. Covello
  U.S. District Judge
- The Most Rev. Sean O'Malley, OFM.CAP
  Archbishop of Boston

ORDER

The foregoing Motion having been heard by this court, it is hereby:  GRANTED ~~X~~  /  (DENIED)

10/8/03
Date

*Signature*
Judge/Clerk (FASANO, J.)

- 4 -

**APPLICATION FOR WAIVER OF FEES, COSTS AND EXPENSES AND APPOINTMENT OF COUNSEL ON APPEAL**
JD-CR-73 Rev. 8-96
C.G.S. 52-259b Pr. Bk. 4009, 4015, 4016, 4017, 4018, 4166c

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

[X] **APPEAL FROM JUDGMENT OF CONVICTION**
NOTICE -- Unless the court extends the time limit, this application must be signed and filed with the clerk of the Superior Court named below within twenty (20) days from the Date of Judgment. (Show date below)

DATE OF JUDGMENT: October 8, 2003

[ ] **APPEAL FROM DECISION IN HABEAS CORPUS**
NOTICE -- Unless the court extends the time limit, this application must be signed and filed with the clerk of the Superior Court named below within twenty (20) days from the date the notice was issued granting you your request for certification. (Show date below)

DATE NOTICE ISSUED (granting your request for certification):

**INSTRUCTIONS**
TO APPLICANT: Prepare in triplicate and file original and one copy with the clerk. Retain one copy for your records.
TO CLERK: Stamp form on filing. File original as a pending matter and give one copy to the Public Defender's Office. Judicial Authority is to assign for hearing within 20 days after filing. Forward written notice of hearing to (1) trial counsel or defendant, if pro se, (2) Public Defender's Office to which application was sent, and (3) Chief of Legal Services, Public Defender's Office.

NAME AND ADDRESS OF COURT: Superior Court, J.D. New Haven, 235 Church Street, New Haven, CT 06510

DOCKET NO.: CR 7-93298 / CR 93-139610

NAME OF CASE: State of CT vs. John P. Walzer

1. I am indigent and cannot pay the fees, costs and expenses of an appeal, nor can I afford to obtain an attorney.

2. The grounds upon which I propose to appeal are: The Defendant claims the State's Attorney has denied him his Constitutional rights under Article I of the CT. State Constitution and the 14th Amendment of the U.S. Constitution by denying the Defendant the right to a hearing on the merits of his Motion to Modify before the two Superior Court sentencing Judges. The Conn. G.S. [§53a-39(b)] is discriminatory in that anyone with a sentence of more than three (3) years is stopped at the will of the State's Attorney. Should the SA have any animosity (as in the defendant's case), the defendant is barred from any chance of a hearing (review) by the Court.
Without any appeal rights from the SA's denial, the Defendant filed a Motion for a Supervisory Order requesting that he be afforded a hearing before the two Superior Court sentencing Judges [Lager & Espinosa].
[This followed an attempt to seek federal review, wherein a ruling by USDC Judge Alfred Cavello, stated that the Defendant must seek Appellate review and exhaust State remedies first[. The Defendant's Motion for Supervisory Order filed 9-22-03 was denied on 10-8-03. An appeal is sought.
(If additional space is needed, attach an affidavit reciting the grounds upon which you propose to appeal.)

3. The facts concerning my financial status are: The Defendant is incarcerated and has been for the past eight and one-half (8½) years and has no source of income nor has any personal assets or bank accounts.

EXHIBIT 'C'

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**
OCT 28 2003
**CHIEF CLERK'S OFFICE**

OVER →

(If additional space is needed, attach an affidavit reciting the facts concerning your financial status.)

THEREFORE, I request that the court (1) waive the payment by me of the fees specified by statute, taxable costs, and the requirement of Section 4015 concerning the furnishing of security for costs upon appeal, if such security has been ordered; (2) appoint counsel to prosecute my appeal without expense to me and permit withdrawal of the trial attorney's appearance, if any; and (3) order that the necessary expenses of prosecuting the appeal be paid by the state, pursuant to Section 4016 of the Connecticut Practice Book.

APPLICANT'S SIGNATURE: X [signature]
SUBSCRIBED AND SWORN TO BEFORE ME ON (Date): 10/23/03
SIGNED (Notary Public/Commissioner of the Superior Court): X [signature]