UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN 12 P 4:57

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| JOHN P. WALZER | : |
| | : |
| | : PRISONER |
| v. | : Case No.    3:02cv2186(AVC) |
| | : |
| STATE OF CONNECTICUT, ET AL. | : |
| | : |

RULING AND ORDER

On June 5, 2003, the court denied the petition for writ of habeas corpus without prejudice for failing to exhaust state court remedies. (See Doc. # 8.)  Pending is the petitioner's motion to reopen this case.  For the reasons that follow, the motion is denied.

A motion to reopen the case and vacate the judgment is governed by Rule 60(b), Fed. R. Civ. P., which provides that a party may be relieved from judgment on the basis of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) also provides that "[t]he motion shall be made within

a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

The petitioner states that he has now exhausted his state court remedies as to the claim in his petition. The petitioner states that he filed an appeal from the denial of his motion to modify sentence in the Connecticut Superior Court and that a Superior Court Judge denied his application to appeal. The petitioner does not allege that he attempted to appeal the Superior Court's denial of his notice of appeal to the Connecticut Appellate Court or the Connecticut Supreme Court. Thus, his claim is still not exhausted. In addition, the previous denial of the petition filed in this case was without prejudice to the **re-filing** of a new petition, not the reopening of this case. Because the denial of his federal habeas petition for failure to exhaust state court remedies was not erroneous, the petitioner has not identified any reason warranting an order vacating the dismissal and reopening the case. The petitioner's Motion to Reopen [**doc. #12**] is **DENIED**.

**SO ORDERED** this _12TH_ day of January, 2004, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

2